GITTO et al. v. "ITALIA", SOCIETA'
ANONIMA DI NAVIGAZIONE,
GENOVA.

No. 94.

District Court, E. D. New York.
June 28, 1939.

William A. Blank, of Brooklyn, N. Y., for plaintiffs.

Dorsey & Flynn, of New York City, for defendant.

MOSCOWITZ, District Judge.

The defendant seeks an open commission to take the oral depositions of various persons in Italy, the place of the accident upon which this action is founded. The plaintiffs ask that the commission issue only upon the condition that they be advanced the sum of $5500 by the defendant to cover the expenses of their attorney in traveling to and about Italy in connection with the cross-examination of witnesses whom defendant will seek to examine.

The new rules make liberal provisions for the taking of oral depositions which may now be used as freely as written interrogatories, subject, however, to the power of the Court, in the exercise of its discretion, to attach conditions or even deny oral examination. See Rules 30(b) and 28(b), 28 U.S.C.A. following section 723c. Undoubtedly, one of the factors which can be considered in the exercise of that discretion is the relative burden placed upon the respective parties as the result of granting or denying the oral examination. In that connection, the expense to the non-moving party is significant.

While undue expense to the other party may, under certain circumstances, justify a denial of, or a qualified, oral examination, here conditions do not demand such action. Defendant is faced with a difficult problem of proof occasioned by the fact that the accident for which it is being sued took place in Italy where substantially all of its potential witnesses reside. It feels that the complexities of proof incident to the defense of this action justify the expenditure incident to the taking of oral depositions. While it is to be recognized that plaintiffs will be subjected to a comparable expense if cross-examination is to be conducted personally by plaintiffs' New York attorney, regard must be had for the fact that it is not of defendant's choosing that this action is brought in the United States. If plaintiffs feel that the expense they will incur as the result of a trip to Italy is too great, they may retain local counsel to participate in the examination.

If plaintiffs feel that local counsel will be unable to carry out effective cross-examination, they may transmit written interrogatories. See Rule 30(c), which reads as follows: " * * * In lieu of participating in the oral examination, parties served with notice of taking a deposition may transmit written interrogatories to the officer, who shall propound them to the witness and record the answers verbatim." If these be used, defendant shall first take its oral testimony and then transmit a true copy of it to the plaintiffs who can then prepare their written interrogatories. In order that the plaintiffs may have as full an examination as possible by such cross-interrogatories, the transmittal of the interrogatories shall be without prejudice to plaintiffs' right to apply to the Court for permission to propose a further set of cross-interrogatories in the event that they find the answers to the first set to be incomplete or that further questioning is

necessary. Such application to the Court shall be made, however, within a reasonable time after the receipt of the answers to the first set.

Settle order on notice.