### JONES v. PENNSYLVANIA GREYHOUND LINES, Inc., et al.

### No. 10208.

United States District Court
E. D. Pennsylvania.

Feb. 8, 1950.

154

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Harold Scott Baile, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The action is by a passenger on a bus of the defendant, Pennsylvania Greyhound Lines, to recover for injuries incurred in a collision in Philadelphia with a bus owned by the defendant, Philadelphia Transportation Company. The plaintiff is a resident of Boston.

After answer filed, the defendant, Philadelphia Transportation Company, served notice of intention to take the deposition of the plaintiff upon oral examination, the place specified being in Philadelphia. The plaintiff has moved under Rule 30(b), Federal Rules of Civil Procedure, 28 U.S. C.A., for a protective order requiring the defendant to elect either (a) to pay the plaintiff's travel expenses to and maintenance in Philadelphia in connection with the taking of her deposition here, (b) to take the deposition in Boston or (c) to proceed by written interrogatories. In support of the motion the plaintiff has filed an affidavit stating that, because of her physical condition resulting from the injuries, she has been and is unable to earn any money and that she has no savings or no source of income whatever and that she is living with her son-in-law and being supported by him.

 Rule 30(b) has always been construed as authorizing orders of the kind asked for by the plaintiff and the Court is given a wide discretion.

In a number of New York cases, relief similar to that asked for by the plaintiff has been granted. In doing so the Court acted in conformity with a local rule and, therefore, the cases do not quite meet the issue here presented. However, the adoption of the local rule may be taken as an indication of the general policy of the District Court of New York and, of course, indicates that the Court does not consider that policy in conflict with the spirit of the Federal Rules. In Societe Internationale Pour Participations Industrielles et Commerciales S. A. v. Clark, 8 F.R.D. 565, the District Court for the District of Columbia ordered the Attorney General, who had noticed the plaintiff to take depositions of its officers in Washington, to pay the expenses of the officers from Switzerland. Of course, the conditions of the case were not much like the present one but it may be noted that there is nothing to show that the plaintiff itself was not fully able to pay the expenses of bringing its officers to Washington.

Under the circumstances of this case I regard the order as a proper one and it will be entered as prayed for.