**METRAKOS v. NEW YORK CENT. R. CO. et al.**

No. 27471.

United States District Court
N. D. Ohio, E. D.

Dec. 3, 1951.

nals Co. and the New York Central Railroad Co., he fell on the slippery floor of a coach when attempting to disconnect and clean a drinking water tank. It is alleged that plaintiff "was in the employ of the New York Central Railroad Co. and/or The Cleveland Union Terminals Co. and/or a joint employee of the defendants."

Defendants now move to strike an allegation that the "New York Central Railroad Co. is the owner and controls the operations of The Cleveland Union Terminals Co." and seek further to have the Court require plaintiff to make the complaint definite and certain "by electing as between said defendants the one of them by whom he was employed."

Plaintiff consents to the motion to strike and hence it will be granted.

The relief sought in the remainder of the motion is not embraced by a motion for a more definite statement as contemplated by the Federal Rules of Civil Procedure, 28 U.S.C.A. The pleading is neither vague nor ambiguous. Rule 12(e).

Defendants rely upon an affidavit of the accountant for defendant, The Cleveland Union Terminals Co. which attempts to disprove the truth of a material allegation contained in the complaint, to-wit: that plaintiff was an employee of the New York Central Railroad Co. The request that an election be made between the two defendants can only be treated as a motion for summary judgment as to the New York Central Railroad Co. Rule 56.

Plaintiff is entitled to join in one action all persons against whom he asserts a right to relief jointly, severally, or in the alternative. Rule 20. One properly joined as a defendant may gain his dismissal only by showing that as a matter of law, upon facts concerning which there is no genuine issue, plaintiff may not recover from him. Rule 56.

The Federal Employers' Liability Act, Title 45 U.S.C.A. § 51, gives an employee a remedy for injuries received "while he is employed by" a common carrier. The mere fact that defendant, The Cleveland Union Terminals Co., paid plaintiff's wages is not wholly dispositive of the

Maurice Wolkoff, Theodore Sindell and Sindell & Sindell, all of Cleveland, Ohio, for plaintiff.

Paul Lamb, Cleveland, Ohio, for defendants.

FREED, District Judge.

Plaintiff, in this action, seeks to recover for injuries under the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51. Plaintiff charges that while working as a railroad car cleaner in a train depot operated jointly by The Cleveland Union Termi-

liability of the New York Central Railroad Co. It was pointed out in Cimorelli v. New York Central R. Co., 6 Cir., 148 F.2d 575, that control over the details of the employee's work is the test of the master and servant relationship. In the absence of a complete exposition of the facts, it is impossible to conclude that plaintiff is not employed by the New York Central Railroad Co.

At this juncture no showing has been made which would foreclose plaintiff from maintaining the action against both defendants.

The motion to strike will be granted; in its other respect the motion will be overruled.