EMPIRE BOX CORPORATION OF STROUDSBURG, a Delaware corporation, Plaintiff, v. ILLINOIS CEREAL MILLS, INC., a Delaware Corporation, Defendant.

(*August* 26, 1952.)

HERRMANN, J., sitting.

*Edwin D. Steel, Jr.*, (of Morris, Steel, Nichols and Arsht) for the Plaintiff.

*H. Albert Young* (of Young and Wood) for the Defendant.

Superior Court for New Castle County, No. 591, Civil Action, 1951.

HERRMANN, J.:

The plaintiff served upon the defendant a notice òf the taking of a deposition upon oral examination in Decatur, Illinois. The witness is an expert whose testimony the plaintiff wishes to introduce by means of the deposition at the trial of the cause. The deposition is not desired for the purpose of discovery.

The defendant invokes Superior Court Rule 30(h)[1] and moves to vacate the notice of the taking of thē deposition unless the plaintiff advances reasonable expenses and counsel fees for the attendance of the defendant's attorney.

The plaintiff opposes the defendant's application and it contends:

1. That the defendant has failed to sustain its burden of showing impecuniousness or other cause for the imposition of the condition; and

2. That the defendant need not attend the taking of the deposition for it may conduct its cross-examination by means of written interrogatories.

The application of Rule 30(h) lies within the discretion of the Court, to be exercised with regard to the particular circumstances of each case. See 4 *Moore's Fed. Pract.* (2d Ed.) § 30.14. It is my opinion that the circumstances here present a proper case for the exercise of the Court's discretion and the application of the Rule.

Fairness is the yardstick. By the proposed deposition, the plaintiff will avoid the expense of bringing its expert from

---

[1] Rule 30(h) provides: "In the case of a proposed deposition upon oral examination at a place more than 150 miles from the Court House, the court may order or impose as a condition of denying a motion to vacate notice thereof, that the applicant shall pay the expense of the attendance of one attorney for the adversary party or parties, at the place where the deposition is to be taken, including a reasonable counsel fee, which amounts shall be paid or secured prior to such examination. The amount paid by such applicant to his adversary on account of attorney's fees and expenses may be a taxable disbursement in the event that the applicant recovers costs of the action."

Decatur, Illinois, almost 800 miles away, to testify at the trial of the cause here. If, instead of producing an expert in person at the trial, the plaintiff chooses to utilize the instrumentality of deposition in order to avail itself of expert testimony, it seems but fair that the plaintiff should, initially at least, bear the cost of taking the defendant's attorney to the witness. *Cf. Gibson v. International Freighting Corp., D. C. E. D. Pa.* 1947, 8 *F. R. D.* 487, affirmed, 3 *Cir.*, 173 *F.* 2d 591. To hold otherwise would be to impose undue expense upon the defendant.

Impecuniousness is not an essential element required to be proved in order to move the Court's discretion under Rule 30 (h). While this factor may be important, it is not controlling and it is merely one of the circumstances to be taken into account by the Court. I consider the circumstances in the instant case to be sufficient to justify the exercise of discretion without regard for the defendant's financial ability to send its attorney to the place of the taking of the deposition.

Nor does it seem fair, under the circumstances of this case, to oblige the defendant's attorney to conduct his cross-examination by written interrogatories and thus to deprive him of equal opportunity to encounter the witness in person. Oral cross-examination has its advantages. There being no cogent reason to justify the suggested limitation, the defendant should not be obliged to take less than the plaintiff wishes for itself regarding the manner of examining the witness. Compare *Gitto v. Italia Societa, etc., D. C.,* 28 *F. Supp.* 309.

Accordingly, reasonable expenses and fees will be imposed as a condition of denying the defendant's motion to vacate the plaintiff's notice of deposition.