GEORGE A. SEARS *v.* FOSTER W. DOTY and ANNE VAIL DOTY.

(*October* 13, 1952.)

CAREY, J., sitting.

*Everett F. Warrington* for plaintiff.

*William Prickett* for defendants.

Superior Court for Sussex County, No. 273, Civil Action, 1948.

CAREY, J.:

Superior Court Rule 30(h) is copied from a local rule adopted by certain Federal District Courts. It provides:

"In the case of a proposed deposition upon oral examination at a place more than 150 miles from the Court House, the court may order or impose as a condition of denying a motion to vacate notice thereof, that the applicant shall pay the expense of the attendance of one attorney for the adversary party or parties, at the place where the deposition is to be taken, including a reasonable counsel fee, which amounts shall be paid or secured prior to such examination. The amount paid by such applicant to his adversary on account of attorney's fees and expenses may be a taxable disbursement in the event that the applicant recovers costs of the action".

In other districts where the rule has not been adopted, similar relief has been granted under Federal Rule 30(b). 28 *U. S. C. A.* 4 *Moore's Federal Practice*, 2d Ed., 30.14. Under either subdivision of Rule 30, the granting of this type of relief is within the Court's discretion, and Rule 30(h) does not necessarily require the Court to allow expenses or counsel fees merely because a deposition is to be taken more than 150 miles away. The circumstances of each case must be examined. *Empire Box Corporation v. Illinois Cereal Mills*, 8 *Terry* 283, 91 *A.* 2d 248. In the case of *Gibson v. International Freighting Corp.*, 8 *F. R. D.* 487, 488, affirmed 173 *F.* 2d 591, speaking of Rule 30(b), the Court had this to say:

"Without intending to state a rule upon the subject, it may be said that where one party proposes to take the de-

position of a witness at a place far distant from the place of trial, not as discovery but to be offered as evidence in the case, the testimony being for his sole benefit and not sought by the other party, it would ordinarily seem fair that he should bear the cost of taking it. If it appears to the Court that the testimony is of such nature that it warrants the presence at the taking of the deposition of the attorney who is to try the case, it would seem also proper to include the traveling expenses of such attorney".

In the Gibson case, the Court pointed out that the deposition was for use at the trial, that there was nothing to show that the witnesses could not be produced at the trial, and that actually he did testify in person.

The present situation is very similar. The examination of the two persons in Newark was directed to plaintiff's earnings after the accident which gave rise to this suit. One apparently gave little pertinent information; the other actually was present at the trial. The depositions, although taken for use at the trial, were not so used, probably because plaintiff's testimony did not materially conflict with the statements therein. Had there been an opportunity for a hearing on the present motion in the usual way, the need for taking the depositions might possibly have been eliminated through a stipulation. Moreover, the testimony taken was of such a nature that the Court might well have directed it taken by interrogatories. No question of impecuniousness has been raised.

The defendants point out that, at the taking of depositions of certain physicians in New York City on plaintiff's behalf, the questioning was done by counsel from that city rather than by trial counsel, the New York lawyer having in fact referred the case to the local attorney. They argue that the same plan could and should have been followed in taking these depositions in view of the proximity of Newark to New York City, thereby avoiding the creation of these expenses. On the other hand, plaintiff's counsel insists that the referring counsel was

not thoroughly familiar with the case but had left its preparation entirely in his hands. He explains that the depositions of the physicians referred to were in reality taken by the New York attorney on the basis of questions actually prepared by the local counsel. Under the circumstances, I cannot say that he was wrong in considering it advisable to go to Newark personally. In my opinion, an allowance should not be refused upon this ground.

The circumstances of this case warrant the exercise of the Court's discretion in plaintiff's favor. The reasonableness of the requested amounts has not been questioned. They will be granted.