David W. JOHNSTON, William F. Johnston, Albert S. Johnston, Julian F. Johnston, and Martha J. Burkhalter, Plaintiffs,

v.

MANUFACTURERS AND TRADERS TRUST COMPANY (formerly M. & T. Trust Company) as Trustee under agreement of trust dated September 26, 1932, made by Carrie J. Law with Albert S. Johnston and M. & T. Trust Company, and Henry A. Carrington, Defendants.

Civ. A. No. 6436.

United States District Court
W. D. New York.
Nov. 9, 1956.

Brown, Kelly, Turner & Symons, Buffalo, N. Y. (Mark N. Turner, Buffalo, N. Y., of counsel), for plaintiffs.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y. (John E. Dickinson, Buffalo, N. Y., of counsel), for defendants.

MORGAN, District Judge.

Following examination of certain documents in the possession of the defendant Trust Company by the plaintiffs, a notice of motion for depositions or oral examination before trial of the plaintiffs and certain witnesses was served by the defendant Trust Company. At the same time, defendant Trust Company made a motion for production of documents under Fed.Rules Civ.Proc. Rule 34, 28 U.S. C.A., which was granted without opposition, although it contained requests for correspondence from 1921 to 1954.

Plaintiffs move for a protective order under Rule 30 of the Federal Rules of Civil Procedure for an order setting aside the defendants' notice to take depositions dated October 16, 1956, or in the alternative, that the defendants be required to

pay the travelling, hotel and other expenses of plaintiffs' counsel while attending the taking of defendants' depositions and in addition thereto, a reasonable counsel fee.

The action is one brought by four nephews and a niece of one Albert S. Johnston, and also of his sister, Carrie J. Law. The pleadings and affidavits reveal that Carrie J. Law, as donor, transferred and delivered to Albert S. Johnston and Manufacturers and Traders Trust Company, as trustees, certain properties by a trust agreement dated September 26, 1932, in which the plaintiffs in this action were named as remaindermen of said trust upon the death of the said Carrie J. Law and Albert S. Johnston. Thereafter, on February 21, 1942, Carrie J. Law amended the trust agreement, substituting Elizabeth C. Johnston for Arthur S. Johnston, as trustee, and the trust to terminate after the death of Elizabeth C. Johnston and Carrie J. Law, or the survivor of them.

On January 9, 1946, the said Carrie J. Law executed an amended trust agreement which added the name of the defendant Carrington as one of the remaindermen. Elizabeth C. Johnston died November 11, 1952, and Carrie J. Law died July 29, 1954. In the first cause of action, plaintiffs ask that they and the defendant Carrington receive the principal of the corpus of the trust estate. In the second cause of action, the complaint alleges that Carrie J. Law on November 30, 1946, being of advanced age and enfeebled, executed certain documents as a result of coercion, duress and undue influence, whereby the defendant Carrington was designated as the sole remainderman upon the death of said Carrie J. Law and Elizabeth C. Johnston. Defendant Trust Company and defendant Carrington in separate answers containing exactly the same language, and filed by each defendant through the same firm of attorneys, denied undue influence, duress and illegality alleged, with reference to the 1946 agreement. Each defendant plead affirmative defenses to the first cause of action and each answered the second cause of action in identical language.

Rule 30(b) and (d) give to the court discretion as to granting or refusing applications such as this except upon conditions which "Justice requires to protect the party or witness from annoyance, embarrassment, or oppression." The counsel for each of the defendants strongly opposes the motion to vacate the taking of depositions, except upon conditions, on the ground that there are no special circumstances; and that in the absence of such, where a plaintiff chooses the forum, defendant can examine orally in the forum, with plaintiff responsible for his own expenses. The plaintiffs offer to come to Buffalo. Four of them live in Georgia, one in New Jersey. Defendant Trust Company is organized under the banking laws of New York, with its office and principal place of business in Buffalo, the Western District of New York. The defendant Carrington is a citizen of the State of Florida.

The plaintiffs offer to come to the forum i. e. the Western District of New York, but the defendants have noticed an oral examination at the residence of plaintiffs as the most "convenient place to hold such an examination"; and say, in effect, that they, as attorneys for the Trust Company, must uphold the trust. They then add to their notice of motion for depositions a large number of witnesses, in addition to the plaintiffs, as follows: counsel for the Trust Company and the other defendant wish to examine all five plaintiffs November 12, 1956 in Atlanta, Ga.; to take the depositions on November 14th at Lynchburg, Va. of eight additional witnesses; to take the deposition on November 16, 1956 at Charlottesville, Va. of one further witness and to take on November 18, 1956 the depositions of twelve additional witnesses, a total of twenty-two depositions of witnesses and of five parties. Thus, in its desire and asserted duty to uphold the trust which is in this district,

counsel for the defendants and each of them propose to spend that time and be reimbursed for expenses and services on the theory that the witnesses are "necessary" to show the course of conduct of the various parties and the close relationship between the donor and the defendant Carrington. Yet they vehemently oppose payment of expenses to the plaintiffs' counsel on the ground that no special circumstances are shown and on the irrelevant ground that these plaintiffs received some inheritance from the above named Albert S. Johnston. .

There are many cases cited by plaintiffs and defendants. These result in the following statements of law: (1) When a plaintiff chooses the forum, he should make himself available for examination in the forum in which he brought the action. The plaintiffs have agreed to attend in this forum. This, the defendants do not desire. (2) If change of venue is deemed desirable, there is legal procedure for making a motion for a change of venue. A mere failure of one party to agree to a stipulation does not alter the legal right to apply. (3) The defendants' counsel states without equivocation after all the depositions have been concluded, all or a substantial portion of this non-jury case can be tried by referring the depositions to the court and without the necessity for any of these witnesses, including the parties to be present, and give live testimony. (4) It is apparent that plaintiffs are arranging to have some testimony taken on their behalf. Hence, there will be no allowance for counsel fees.

The depositions as noticed may be taken upon condition that the reasonable expenses of one attorney for plaintiffs be charged against the trust estate, unless the defendants desire to obtain this non-technical and background testimony, which may or may not be admissible at the trial, by means of written interrogatories and cross interrogatories. See V. O. Machinoimport v. Clark Equipment Co., D.C., 11 F.R.D. 55; Metrakos v. New York Central R. Co., D.C., 12 F.R.D. 177; Hoffman v. Wilson Line, D.C., 7 F.R.D. 73; Gitto v. "Italia" Societa Anonima Di Navigazione, D.C., 28 F.Supp. 309; Boiczuk v. Baltimore & Ohio R. Co., D.C., 5 F.R.D. 18. An existing local rule is not necessary in view of the Federal Rules of Civil Procedure.

Prepare and submit order.