**William VARELTZIS, Plaintiff,**

**v.**

**LUCKENBACH STEAMSHIP COMPA-NY, Inc., Defendant.**

United States District Court
S. D. New York.
Dec. 18, 1956.

George Engelman, New York City, for plaintiff.

Burlingham, Hupper & Kennedy, New York City, for defendant. William M. Kimball, New York City, of counsel.

FREDERICK VAN PELT BRYAN, District Judge.

Defendant has served notice to take the deposition of a witness in San Francisco upon written interrogatories. Plaintiff moves pursuant to Rule 31(d), F.R.Civ.P. 28 U.S.C.A., for an order directing that the deposition of this witness shall not be taken except upon oral examination and upon prepayment by defendant of expenses and counsel fees for appearance of plaintiff's attorney at such examination.

Plaintiff was boatswain aboard the S. S. Florence Luckenbach and is suing for

384

personal injuries suffered aboard that vessel. The issues in the litigation revolve about alleged failure to sand or otherwise neutralize ice on the deck of the vessel, which is claimed to be the cause of plaintiff's injury. The case has been pending for some four years and is about to be reached for trial.

The witness Zepp, whom defendant seeks to examine, was the Chief Mate of the vessel at the time the accident occurred. He is a former employee of the defendant of long standing. The interrogatories propounded include questions as to the "sea-faring" relationship between the witness as Chief Mate and plaintiff as Boatswain, the witness' inspections of the decks of the ship, his knowledge of sand and other substances used aboard her to neutralize ice on the decks, conversations which the plaintiff claims to have had with the witness regarding the absence of sand on the ship under icy conditions, and various written and oral reports allegedly made to the witness by the plaintiff concerning the accident and the injuries. These matters may be of considerable importance in the litigation.

■ While it may be satisfactory to the defendant to examine its former employee at this stage by written interrogatories, it does not follow that plaintiff's rights would be protected by such procedure. The details of conversations, oral reports, inspections, the use of protective materials and similar matters, can be better brought out by oral examination than by written interrogatories. It would be almost impossible for plaintiff to frame cross-interrogatories which would provide adequate cross-examination on such details. Plaintiff is entitled to his right of cross-examination, and such right can be exercised adequately only if he is permitted oral cross-examination after oral direct examination and is represented by counsel at the examination.

Rule 31(d), F.R.C.P., authorizes the Court to direct that, where just and proper, a deposition shall not be taken except upon oral examination. It also authorizes the Court to make any order specified in Rule 30, F.R.C.P., which is appropriate and just. Rule 4 of the Civil Rules of this Court provides that in any order entered under Rule 30(b) where the examination is to be taken more than 150 miles away, the Court may provide "that prior to the examination the applicant pay the expenses of the attendance at the place where the deposition is to be taken of one attorney for the adversary party * * * including a reasonable counsel fee. The amounts so paid shall be a taxable cost in the event that the applicant recovers costs of the action or proceeding."

■ If defendant desires to take the deposition of this former employee in San Francisco on the eve of trial on the matters specified in its interrogatories, it may not do so except upon oral examination with full oral cross-examination by plaintiff. Prior to taking such examination defendant must also pay to plaintiff in advance a sum sufficient to meet the expenses of plaintiff's attorney in traveling from New York to San Francisco and return, and of his hotel bills while in San Francisco, plus a counsel fee of $200. Amounts so paid may be taxed as part of the costs in the event that defendant ultimately prevails in the action. If defendant wishes to proceed with the deposition upon these conditions it should be held as soon as reasonably can be arranged by the attorneys for the respective parties at a date to be fixed in the order. Settle order on notice.