The INTERLEGO A.G., Plaintiff,

v.

The LESLIE–HENRY CO., Inc., the De Luxe Game Corporation, and the Senelev Company, Defendants.

Civ. No. 7660.

United States District Court
M. D. Pennsylvania.

Jan. 21, 1963.

---

James W. Scanlon, Scranton, Pa., Stevens, Davis, Miller & Mosher, Washington, D. C., for plaintiff.

James, Harris, McLean, Silverblatt & Miner, Wilkes-Barre, Pa., William R. Liberman, New York City, for defendants.

SHERIDAN, Chief Judge.

This is a motion for a protective order under Rule 30(b) of the Federal Rules of Civil Procedure. Defendants request the Court to order that the depositions of certain witnesses be taken on written interrogatories, in lieu of oral examination, or in the alternative, if oral examination be permitted, the plaintiff advance counsel fees and expenses to defendants.

The action is for patent infringement, trademark infringement and unfair competition in the manufacture and marketing of toy building bricks. Plaintiff is a Swiss corporation. Defendants are New York corporations doing business in Wilkes-Barre and Kingston, Pennsylvania. Counsel for the parties are from Scranton, Wilkes-Barre, New York and Washington, D. C.

On January 7, 1963, plaintiff gave defendants notice that the depositions of Messrs. Stall and Baker of Monnig Dry Goods Company, Fort Worth, Texas, would be taken on January 25, 1963, at 2:00 o'clock P.M., in Fort Worth, Texas. On January 14, 1963, the defendants filed their motion for the above protective order, and the matter was heard on January 18, 1963.

Plaintiff expects to prove that the defendants are responsible for certain advertisements which are deceptively similar to plaintiff's advertisements. The purpose of the depositions is to show that this deceptively similar advertising was intentional on the part of these witnesses and the defendants. The witnesses are expected to be hostile to plaintiff.

Although the ground for defendants' motion is to protect them from "financial annoyance, embarrassment and oppression," there has been no showing that the taking of the depositions would work any hardship on defendants. Their counsel stated that, exclusive of attorneys' fees, the travel and costs for attendance at the depositions, which will require about two days in Fort Worth, will not exceed $350.00. In an affidavit

filed in other proceedings in this case defendants stated their net worth was in excess of $1,000,000.

 Whether depositions on written interrogatories in lieu of oral examination will be ordered is in the discretion of the court. Jones v. Pennsylvania Greyhound Lines, Inc., E.D.Pa. 1950, 10 F.R.D. 153. In view of the purpose of the depositions and the business relationship between the witnesses to be deposed and the defendants, written interrogatories seem inadequate. In the absence of special circumstances, the court should ordinarily allow the examining party to choose his own mode of examination. 4 Moore, Federal Practice, par. 30.08 at page 2030 (2d ed.). The defendants have not argued or produced anything to show that written interrogatories would be sufficient. The defendants' only ground for the motion is the expense involved.

 The allowance of travel expenses and counsel fees incident to depositions is also in the court's discretion. Gibson v. International Freighting Corporation, 3 Cir. 1949, 173 F.2d 591; Weeks v. Baltimore & O. R. Co., E.D.Pa. 1945, 5 F.R.D. 17. 2A Barron and Holtzoff, Federal Practice and Procedure, § 713 at page 218 (Rules Ed.). Courts are generally reluctant to allow expenses and fees unless special circumstances warrant the exercise of that discretion. See Continental Casualty Company v. Houdry Process Corporation, E.D.Pa.1955, 18 F. R.D. 75.

There are no special circumstances which would justify an order that plaintiff pay counsel fees and expenses to defendants. Moreover, on February 13, 1963, in New York defendants will take the oral deposition of the president of plaintiff corporation. At this time defendants have ordered plaintiff to produce documents which support its allegation of deceptively similar advertising. The deposition in Texas may supply some of these documents.

Defendants' motion will be denied.