308 So.2d 784 (1975)
Huey MADISON
v.
TRAVELERS INSURANCE COMPANY et al.
No. 55136.
Supreme Court of Louisiana.
February 24, 1975.
*785 A. R. Occhipinti, C. T. Grace, Jr., George M. Leppert, New Orleans, for plaintiff-applicant.
Stewart E. Niles, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-respondents.
DIXON, Justice.
Writs were granted in this case to determine whether the trial court had abused its discretion in ordering defendant, Travelers Insurance Company, to pay expenses of plaintiff's counsel in taking out-of-state depositions requested by defendant. C.C.P. 1452.
This litigation arose out of an automobile-pedestrian accident which resulted in the filing of suit on October 25, 1971. Plaintiff, an attendant at a parking lot, alleged that he was injured when Malcolm Kline backed up his car and struck him with the open left front door of the car while plaintiff was trying to collect the parking fee at the parking lot. Plaintiff was injured seriously and sought recovery of $85,262.00 from Kline, Commercial Credit Industrial Corporation (CCIC), Kline's employer, and Travelers Insurance Company, CCIC's insurer. Aetna Casualty and Surety Company, the workmen's compensation insurer of plaintiff's employer, intervened claiming reimbursement from defendants for all compensation it had paid or would pay plaintiff.
Trial was originally set for April 5, 1973 and on the pretrial order defendant listed three witnesses, Malcolm Kline, Dr. H. R. Soboloff and John Henry; all were listed as having their residence in Orleans Parish. Three continuances were granted at the request of defendants prior to the filing of the notice of deposition which initiated the present dispute. One continuance was granted because of conflict with another trial of defense counsel; the other two were granted because the case's position on the court's docket did not assure that it would be reached on the day scheduled. Without this assurance defendant did not wish to bring its out-of-state witnesses to New Orleans. Trial was scheduled for March 28, 1974 as the first case on the docket when, on March 22, defendant filed a notice that the deposition of Mr. John Henry, an alleged eyewitness, would be taken in San Francisco on March 25. The trial was continued indefinitely and plaintiff filed a motion for a protective order seeking to have defendant pay all reasonable traveling expenses of plaintiff's and intervenor's attorneys to attend the deposition, as plaintiff was unable to advance the necessary costs. The trial court granted plaintiff's motion and ordered Travelers to prepay the "reasonable and necessary expenses for travel, lodging and meals for the attorneys for Plaintiff and Aetna Casualty and Surety Company for attendance at the depositions of Martin Bates and John Henry if these depositions are set outside of the Parish of Orleans, State of Louisiana." Defendant applied for writs to the Court of Appeal, which court determined that the trial court had acted without authority and unreasonably under the circumstances; it ordered the trial court to recall its order. We granted certiorari to review this decision of the Court of Appeal.

I. The Authority of the Trial Court Under Article 1452
Defendants argue that Louisiana C.C.P. 1452 does not authorize a trial court to order a litigant to pay the travel expenses of the attorneys for other parties to take out-of-state depositions.
The pertinent part of C.C.P. 1452 reads as follows:
"After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the *786 person to be examined and upon notice and for good cause shown, the court in which the action is pending may order...; or the court may render any other order which justice requires to protect the party or witness from annoyance, embarrassment, oppression, or undue expense." (Emphasis added).
This provision of the Code of Civil Procedure (adopted by Acts 1960, No. 15) was taken from former R.S. 13:3762 with only minor stylistic changes. In turn, former 13:3762 (adopted by Acts 1952, No. 202) was identical to its source, former Rule 30(b) of the Federal Rules of Civil Procedure. See Hubert, "The New Louisiana Statute on Depositions and Discovery," 13 La.L.Rev. 173 (1953). In 1970 the Federal Rules of Civil Procedure were amended, and the provisions of Rule 30(b) dealing with protective orders were incorporated into Rule 26(c) so that they would apply to all discovery; there was no substantive change in the scope of the trial court's authority. The pertinent part of Rule 26(c) reads as follows:
"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, ..." (Emphasis added).
Since we obtained these discovery rules from the federal rules, we may look for guidance from the federal decisions which have interpreted identical provisions. The federal courts have consistently held that this rule grants a trial court the authority, on the showing of good cause, to order a party litigant to pay the reasonable expenses of the attorneys for the other parties to attend a deposition. This was the position of the federal jurisprudence prior to 1952 when the subject rule was incorporated into Louisiana law. E. g. Jones v. Pennsylvania Greyhound Lines, Inc., 10 F.R.D. 153 (E.D.Pa.1950); Gibson v. International Freighting Corp., 8 F.R.D. 487 (E.D.Pa.1947), affirmed 173 F.2d 591 (3d Cir. 1949); Stevens v. Minder Construction Corp., 3 F.R.D. 498 (S.D.N.Y.1943).[1] Subsequent decisions of the federal and state courts applying the identical provision and local court rules pursuant to it have confirmed the authority of the trial court. See, e. g., Terry v. Modern Woodmen of America, 57 F.R.D. 141 (W.D.Mo.1972); Meredith v. Gavin, 51 F.R.D. 5 (W.D.Mo. 1970); Haviland & Co. v. Montgomery Ward & Co., 31 F.R.D. 578 (S.D.N.Y. 1962); Ganem v. Greene, 31 F.R.D. 175 (W.D.Pa.1962); Nagle v. U. S. Lines Co., 242 F.Supp. 800 (E.D.Va.1965); Johnston v. Manufacturers & Traders Trust Co., 22 F.R.D. 67 (W.D.N.Y.1956); State v. Mahoney, 103 Ariz. 308, 441 P.2d 68 (1968); Sears v. Doty, Del.Super., 8 Terry 442, 92 A.2d 604 (1952) (enforcement of local rule). See also, 4 Moore's Federal Practice, U 26.41; Wright and Miller, Federal *787 Practice and Procedure: Civil, § 2112 (1970) and Annotation, 70 ALR2d 685 (1960).
We concur with the uniform interpretation of the rule in the federal system, and are of the opinion that the clear wording of C.C.P. 1452 authorizes the trial court to grant orders protecting parties from undue expense involved in discovery procedures.

II. The Reasonableness and Good Cause of the Order

Defendant contends that the order, if authorized, was unreasonable because of plaintiff's failure to show "good cause" as required by the article. The resolution of the issue of "good cause" is within the sound discretion of the trial court. A per curiam of the judges of the Eastern District of Pennsylvania used the following language in Gibson v. International Freighting Corp., supra, to describe their authority:
"The opinion filed in this case may well have given the defendant the impression that the sole reason for making the order heretofore entered was that the plaintiff was without funds. To correct this impression we take this occasion to say that that fact is not to be deemed controlling in applications of this kind, but is merely one of the circumstances which may be taken into consideration by the judge to whom the application is made. We repeat, that the matter is entirely within the Court's discretion, to be exercised with regard to the particular circumstances of each case. Without intending to state a rule upon the subject, it may be said that where one party proposes to take the deposition of a witness at a place far distant from the place of trial, not as discovery but to be offered as evidence in the case, the testimony being for his sole benefit and not sought by the other party, it would ordinarily seem fair that he should bear the cost of taking it. If it appears to the Court that the testimony is of such nature that it warrants the presence at the taking of the deposition of the attorney who is to try the case, it would also seem proper to include the traveling expenses of such attorney." (8 F.R.D. at 488).[2]
In a situation similar to the instant case, a federal district court awarded expenses pursuant to a local rule of the district court. The case involved a boatswain who sued his employer for damages sustained when he was injured while employed aboard defendant's vessel. Defendant sought to examine by written interrogatories the vessel's chief mate, who was no longer employed by defendant. Plaintiff objected, contending the witness would be examined on matters central to the litigation and that he should be deposed on oral examination at defendant's expense. The trial court agreed and concluded that:
"If defendant desires to take the deposition of this former employee in San Francisco on the eve of trial on the matters specified in its interrogatories, it may not do so except upon oral examination with full oral cross-examination by plaintiff. Prior to taking such examination defendant must also pay to plaintiff in advance a sum sufficient to meet the expenses of plaintiff's attorney in traveling from New York to San Francisco and return, and of his hotel bills while in San Francisco, plus a counsel fee of $200. Amounts so paid may be taxed as part of the costs in the event that defendant ultimately prevails in the action. If defendant wishes to proceed with the deposition upon these conditions it should be held as soon as reasonably can be arranged by the attorneys for the respective parties at a date to be fixed in *788 the order." (Vareltzis v. Luckenbach Steamship Co., Inc., 20 F.R.D. 383, 384 (S.D.N.Y.1956).[3]
In Louisiana the broad discretion granted trial courts by article 1452 to fashion protective orders has been recognized.[4] See, e. g., Bianchi v. Pattison Pontiac Co., 258 So.2d 388 (La.App.1972); Alford v. Kaiser Aluminum and Chemical Corp., 229 So.2d 372 (La.App.1970), writ refused, 255 La. 478, 231 So.2d 394 (1970); Dawson v. Lindsey, 143 So.2d 150 (La.App.1962). We conclude that the trial court's finding of good cause for the issuance of its protective order was not an abuse of its broad discretion granted by article 1452. Defendant does not, even before us, contest the allegations in the motion for a protective order. Those allegations establish good cause for the issuance of the order; the trial judge heard arguments on the motion, and there is no showing that he abused his discretion. Defendant's principal arguments before us are: (1) if courts force defendants to pay plaintiffs' lawyers' travel costs for depositions, plaintiffs might also have to pay defendants' costs in some cases; (2) plaintiff's attorneys might abuse the order. The arguments are not substantial. (1) Of course the trial judge will be guided by the same principles, whether the protective order is sought by defendants or plaintiffs. (2) Abuse is hardly possible. The order, in general terms, relies on the good sense of both counsel; defendant's counsel will surely not advance more than reasonably ascertainable sums for the travel expenses of another attorney; exorbitant demands will be subject to summary review by the trial judge.
Finally, we note that these costs for the reasonable travel and lodging expenses for plaintiff's and intervenor's attorneys will be taxed as costs under the provisions of Louisiana C.C.P. arts. 1920 and 5188. All costs of this appeal are taxed against defendant Travelers Insurance Company.
For the reasons assigned, the judgment of the Court of Appeal is reversed and vacated, and the judgment of the trial court reinstated.
NOTES
[1] The legislature's awareness of this issue is further reflected by the advisory committee's note to C.C.P. 1452 stating that it preferred not to adopt a more detailed provision on this subject than had been adopted by New Mexico. The New Mexico statute added a final section to the rule which read as follows:

"`... and may, in its discretion, where notice is given of the taking of depositions outside the state and at great distances from the place where the case is to be tried, require the party taking the deposition to pay the traveling expenses of the opposing party and of his attorney where their appearance is reasonably necessary at the taking of said deposition; and where it appears that the witness whose deposition is sought to be taken is under the control of the party taking the deposition, the court may require such witness to be brought within the state and his deposition taken there.' (N.Mex. Stats.Ann., Sec. 19-101(30) (b).)"
The committee preferred the broad general authority contained in C.C.P. 1452 and wished to avoid potential problems of interpretation in unusual circumstances if a more detailed provision was to be applied.
[2] Cf. Towe v. Sinclair Refining Co., 188 F.Supp. 222 (D.Md.1960), in which the district court recognized that district courts have the power to award expenses either by local rule or by orders in particular cases, but followed the practice of other districts to grant such orders "only under unusual and impelling circumstances."
[3] For other similar fact situations where prepayment was ordered, see In re China Merchants Steam Navigation Co., 259 F.Supp. 75 (S.D.N.Y.1966), Gibson v. International Freighting Corp., supra; Boiczuk v. Baltimore & O.R. Co., 5 F.R.D. 18 (S.D.N.Y. 1944). For a listing of cases in which payment was granted or denied, see Wright and Miller, Federal Practice and Procedure: Civil, § 2112, n. 117 and n. 118 (1970).
[4] In Colorado the trial judge's determination will not be reviewed according to the following language of the Supreme Court of Colorado:

"As for the court's refusal to allow travel and attorney expenses for the taking of deposition in Denver and Pueblo, there is also no merit. this was a matter solely within the discretion of the trial court, under R.C.P.Colo. 30(b)." Orth v. Bauer, 163 Colo. 136, 429 P.2d 279 (1967).
Also, in Fred Benioff Co. v. McCulloch, 133 F.2d 900 (9th Cir. 1943), the Court of Appeals held that an action in mandamus to review the trial court's order concerning expenses would not be permitted; the proper remedy was to appeal the final judgment containing the assessment of costs which would include the contested expenses.