WATSON, Judge.
This is an appeal from a summary judgment involving as decisive the question of whether a genuine issue of material fact is presented. Plaintiff, Clarence M. Kelly, filed suit against numerous defendants asserting claims in tort resulting from his alleged inhalation of a poison gas on November 6, 1973. The only defendants involved in the present appeal are Olin Corporation and its liability insurer, Insurance Company of North America, in whose favor a summary judgment was granted by the trial court on the basis that Kelly, at the time of the alleged accident, although employed by Augenstein Construction Company, Inc., was engaged in the “trade, business, or occupation” of Olin Corporation (see LSA-R.S. 23:1061) and was therefore, a statutory employee of Olin Corporation, making the latter immune from tort liability due to the exclusiveness of the Compensation Act. (LSA-R.S. 23:1032).
On behalf of Olin and its insurer, several affidavits by Olin officials were filed in the record in support of the motion for summary judgment. Opposing these in the record are plaintiff’s deposition and the deposition of one Robert Holden, identified as Project Manager at Olin for Augenstein Construction Company.
The law as to summary judgments is that the mover must clearly demonstrate the absence of any genuine issue of material fact and the applicable rules as to summary judgment have been summarized by this court as follows :
“(1) Summary judgment is granted only where the absence of a genuine issue as to material fact has been clearly shown.
“(2) The burden is on the party moving for summary judgment.
“(3) Any doubt as to granting the motion shall be resolved against the mover and in favor of a trial on the merits.
*908 “(4) Summary judgment may not be granted on the basis that the affidavits on one side preponderate over the opposing affidavits.
“(5) Affidavits submitted shall be made on personal knowledge.” Moreaux v. American Mutual Insurance Company, 302 So.2d 686 at 690 (La.App. 3 Cir. 1974).
In the present appeal, it is undisputed that Augenstein, for whom plaintiff worked, was engaged in two projects at Olin, which is a long-established chemical plant located in Calcasieu Parish. One of the projects was the construction of a new facility identified as the RF 230 Unit.
Not so clearly established in the record is the nature of the other project on a facility identified as the TDI Unit. Plaintiff apparently had duties in connection with both units.
Olin and its insurer, in urging their motion for summary judgment, contend that plaintiff was at the site of the TDI Unit at the time of the alleged accident, that the work there was merely modification work, that Olin has numerous employees who perform similar work, that as such it fell within the trade, business, or occupation of Olin within the contemplation of the Compensation Act, and that plaintiff is precluded, therefore, from asserting a claim in tort against Olin and its insurer. The identical affidavits of Nicholson, Olin Safety Manager; Bruffy, Regional Safety Manager; and Marcon, Construction Manager ; support this position.
Two other affidavits were filed by Olin to state that Olin has in the past engaged in construction work at the Lake Charles plant.
Opposing this view, plaintiff contends that, while he was at the location of the TDI Unit at the time of the alleged accident, the work there involved the complete reconstruction or the construction of a new facility (the incinerator scrubber). at the TDI Unit and that as such, the work falls outside the trade, business, or occupation of Olin.
The law, as recently set forth by this court in Duplechin v. Pittsburgh Plate Glass Company, 265 So.2d 787 (La.App. 3 Cir. 1972), lays down the precise distinction argued by the parties, that is:
“. . . ordinary maintenance and repairs are part of an employer’s regular business, trade or occupation, and construction of a new facility or complete reconstruction of an existing facility are not part of employer’s regular business, trade or occupation.” 265 So.2d 790.
See also Ball v. Kaiser Aluminum & Chemical Corporation, 112 So.2d 741 (La.App.Orl.1959).
The record, as presented on the motion for summary judgment, contains evidence on both sides of the issue. The affidavits submitted by Olin and its insurer support the theory that Augenstein’s work on the TDI Unit was merely repairs; the deposition of Holden, the Project Manager for Augenstein, supports the idea that at the TDI Unit Augenstein was building an incinerator scrubber, that there was no old scrubber unit, and that Augenstein’s work was mostly new construction.
On the basis of the record, wé cannot say that the movers have clearly demonstrated that there is no genuine issue of material fact. Therefore, we find that the trial court erred in granting the motion for summary judgment. It is not our duty onappeal, nor was it the trial court’s duty to try the factual issue of whether the work was ordinary repairs or complete reconstruction. The issue appears to be close and should be fully aired by trial on the merits. It may be that the evidence preponderates on Olin’s side of the issue but the question here is whether it is clear that there is no issue of fact to be decided and we cannot so conclude.
*909 The granting of summary judgment in favor of Olin Corporation and Insurance Company of North America is reversed.
Costs of this appeal are taxed against Olin Corporation and Insurance Company of North America.
Reversed and remanded.
CULPEPPER, J., dissents and assigns written reasons.