337 So.2d 631 (1976)
J. C. VALLERY, Plaintiff-Appellant,
v.
OLIN CORPORATION et al., Defendants-Appellees.
No. 5587.
Court of Appeal of Louisiana, Third Circuit.
September 13, 1976.
*632 Alvis J. Roche, Lake Charles, for plaintiff-appellant.
Scofield, Bergstedt & Gerard by Richard E. Gerard, Jr., Lake Charles, for defendants-appellees.
Before MILLER, WATSON and PETERS, JJ.
WATSON, Judge.
This case was consolidated for appeal with docket no. 5588, Howard K. Davis v. Olin Corporation, et al., La.App., 337 So.2d 634, although the two were severed for trial. A separate opinion has been rendered this date in docket no. 5588.
Plaintiff, J. C. Vallery, has appealed from a summary judgment granted by the trial court in favor of defendants, Olin Corporation and Insurance Company of North America, hereafter "INA."
Plaintiffs-appellants contend that the trial court erred: (1) in granting summary judgments, which prevented a jury trial of factual issues; and (2) in entering orders protecting Olin from answering plaintiffs' interrogatories and producing documents.
Both Vallery and Davis were employees of Augenstein Construction Company who allege injury by a discharge of phosgene and/or TDI gas while they were working on the premises of Olin Corporation. This suit in tort was filed against Olin Corporation and its liability insurer, INA. Others subsequently named as defendants are not parties to these appeals.
Olin and INA filed an exception of no right of action, asserting that plaintiffs' claims, if any, are exclusively under the Louisiana Workmen's Compensation Act[1] and an exception of misjoinder of parties plaintiff.[2]
Plaintiffs then propounded 31 interrogatories to Olin, several touching on the nature of the work in which plaintiffs were engaged on the dates of their alleged accidents. (The answers to the several interrogatories would be relevant to the factual question of whether the work was new construction or repair.)
Olin and INA then moved for a protective order against answering the interrogatories and also moved for a summary judgment.
The exceptions of no right (cause) of action, the motions for summary judgment, and the motions for protective orders as to both plaintiffs were heard together; the exceptions were overruled; the motions for summary judgment were maintained, dismissing the suits of both plaintiffs; and the motions for protective orders were granted.
The trial court granted the motions for summary judgment, stating it was adopting the trial court's reasons (assigned in another division of the same court) for judgment in Kelly v. Blount Brothers Corporation, 326 So.2d 906 (La.App. 3 Cir. 1976); writ not considered, La., 329 So.2d 756. In Kelly, which arose from a similar gassing on the premises of Olin, a five-judge panel of this court reversed a summary judgment by the trial court and remanded for trial on the *633 merits, finding that the movers for summary judgment had not clearly demonstrated absence of a genuine issue of material fact. This court's decision in Kelly was rendered subsequent to the summary judgments now on appeal.
The trial court found in Kelly that Olin was a statutory employer under LSA-R.S. 23:1061 and, as such, immune from tort liability under LSA-R.S. 23:1032, stating that:
"The fact that plaintiff was working on new construction as well as doing repair work is of no significance."
This court reversed, holding that the question of repair work versus new construction was critical to the decision as to whether Olin was a statutory employer.
Olin and INA contend that Kelly can be distinguished from the instant cases, because the record in Kelly included the deposition of Robert Holden, project manager at Olin for Augenstein, which deposition raised a factual question as to whether the work of Augenstein was new construction rather than repairs and maintenance.
The unanswered interrogatories propounded by plaintiffs in these cases are pertinent to the question of the nature of the work at Olin by Augenstein. LSA-C.C.P. art. 1491 provides that the trial court in connection with interrogatories:
". . . may render such protective order as justice may require."
LSA-C.C.P. arts. 966 and 967 were amended in 1966 to provide that answers to interrogatories may be considered in determining whether there is a genuine issue of material fact. LSA-C.C.P. art. 967 states in pertinent part:
"The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits." (Emphasis supplied)
The official revision comment under LSA-C.C.P. art. 966 states:
"This and the succeeding article were amended on the recommendation of the Louisiana State Law Institute to accord with the amendment of Rule 56(c) and (e), the source provisions of these two articles, by the United States Supreme Court on January 21, 1963. See 83 S.Ct. 19, 29, 30 (1963). The amendments of these two articles were adopted to: (1) permit the trial judge to consider answers to interrogatories when deciding the motion for a summary judgment; and (2) require the adverse party against whom a motion for summary judgment had been taken to file counter affidavits and not permit him to rely on the bare allegations of his pleading."
Plaintiffs in these cases produced no affidavits or other evidence in opposition to defendants' motions for summary judgment, the latter based on the respective depositions of the two plaintiffs and four affidavits identical in substance by four employees of Olin. The affidavits state that the respective plaintiffs were engaged at the time of these accidents in routine maintenance work falling within the ambit of the trade, business and occupation of Olin; that the particular work being done had been performed by Olin employees on other occasions; and that the plant area where the accident occurred was not in the construction phase but was in production at the time of these accidents.
It is well established that one asking for summary judgment has the burden of showing that there is no genuine issue of fact; any doubt must be resolved against the mover. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
Duplechin v. Pittsburgh Plate Glass Company, 265 So.2d 787 (La.App. 3 Cir. 1972), distinguishes between maintenance and repairs which are part of the principal's regular trade, business and occupation and the construction of a new facility or the complete reconstruction of an existing facility which is not. Also see Hudson v. Aetna Casualty Insurance Company, 299 So.2d 499 (La.App. 4 Cir. 1974); writ denied La., 302 So.2d 20.
The trial court must recognize this distinction and make a determination that there is no genuine issue of material fact on *634 this point before granting summary judgment. See Kelly v. Blount Brothers Corporation, supra.
The general rule is that protective orders by the trial court should not be set aside by the reviewing court; the trial court has broad discretion in controlling the scope of interrogatories. Madison v. Travelers Insurance Company, 308 So.2d 784 (La.1975). In Madison, the Louisiana Supreme Court states in regard to discovery procedures that:
". . . we may look for guidance from the federal decisions which have interpreted identical provisions." 308 So.2d 786.
The federal decisions provide that the appellate courts' function is limited in such cases to inquiring whether the order under appeal was made under an error of law. Here, the record shows, the protective orders were made under an error of law. If the trial court has abused its discretion or committed prejudicial error in denying production of documents or in disallowing interrogatories, its action will be set aside on appeal only when the substantial rights of the parties are affected. Sher v. De Haven, 91 App.D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937, cert. den. 345 U.S. 936, 73 S.Ct. 979, 97 L.Ed. 1363. Here, there has been substantial prejudice to plaintiffs' rights since summary judgments have been rendered and the parties are entitled to have the answers to interrogatories considered by the trial court in determining whether there is a genuine issue of material fact.
We conclude that the trial court erred in not requiring Olin to answer plaintiffs' interrogatories which are relevant to the issue of whether plaintiffs were involved in maintenance and repairs or in new construction or complete reconstruction, prior to granting these summary judgments.
For the foregoing reasons, the summary judgment rendered by the trial court herein in favor of defendants, Olin Corporation and Insurance Company of North America, is reversed and the matter is remanded for further proceedings, to include the answering of interrogatories previously propounded which relate to the question of whether there is a genuine issue of material fact. The right is reserved to Olin Corporation and Insurance Company of North America to re-urge thereafter their motion for summary judgment. All costs are assessed against defendants-appellees, Olin Corporation and Insurance Company of North America.
REVERSED AND REMANDED.
NOTES
[1] Probably properly denominated no cause of action.
[2] The exception of misjoinder became moot when an order was entered without objection severing the two plaintiffs' cases.