642 A.2d 436

ROBERT A. BECK, II, PLAINTIFF, v. LAMPF, LIPKIND, PRUPIS & PETIGROW, P.C., DEFENDANTS.

Superior Court of New Jersey
Law Division Essex County

Decided November 10, 1993.

*Jay Starkman,* for plaintiff (*Starkman & Magolnick, P.A.,* attorneys).

*William J. Prout, Jr.,* for defendant (*Tompkins, McGuire & Wachenfeld, P.C.,* attorneys).

YANOFF, JSC (temporarily assigned, retired, on recall).

The issue here is the determination of costs, including travel expenses, for the taking of depositions of witnesses *de bene esse* in Florida. There is little controlling authority.

The relevant New Jersey statute is *N.J.S.A.* 22A:2–8 and the applicable rule is *R.*4:42–8(a). *N.J.S.A.* 22A:2–8 provides for "The legal fees of witnesses, including mileage for each attendance, masters, commissioners and other officers; The costs of taking depositions when taxable, by order of the court."

The reported cases deal with the taking of depositions. While this is not precisely the situation before me because what plaintiff seeks is the taking of testimony to be used at trial, the outcome in the deposition cases is relevant.

In *Finch, Pruyn & Company v. Martinelli,* 108 *N.J.Super.* 156, 260 *A.*2d 259 (Ch.Div.1969), an oft-cited New Jersey case, plaintiff, the prevailing party in a fraudulent conveyance case, applied to have his deposition costs reimbursed. The application was granted as to depositions "necessary and . . . actually used at the trial." *Id.* at 160, 260 *A.*2d 259. In the course of its opinion the court said:

> Costs normally are allowed as of course to a prevailing party, *R.*4:42–8(a); however, their allowance is discretionary. In determining what costs may be allowed, in the absence of specific authorization by Supreme Court rule the court must find statutory authority. *U.S. Pipe, etc. v. United Steelworkers of America,* 37 *N.J.* 343, 355 [181 *A.*2d 353] (1962).
>
> *N.J.S.A.* 22A:2–8 provides that a party is entitled to include in his bill for costs "his necessary disbursements," including "The costs of taking depositions when taxable, by order of the court."
>
> [*Id.* at 159, 260 *A.*2d 259 (footnote omitted)]

While "costs" are controlled by statute and rule, subject to the court's discretion, the policy established by the New Jersey Supreme Court is that in general each litigant should bear his or her own expenses in prosecuting and defending his or her individual interests. *Sunset Beach Amusement Corp. v. Belk,* 33 *N.J.* 162, 167, 162 *A.*2d 834 (1960).

In *Bung's Bar and Grille vs. Township Council of the Township of Florence,* 206 *N.J.Super.* 432, 502 *A.*2d 1198 (Law Div. 1985), a Civil Rights case, the prevailing party in a suit challenging local improvement assessments was held entitled to recover reasonable costs of expert witnesses.

The approach taken by the *Bung's* court was that *R.*4:28–3(a), which speaks to the allowance of costs rather than the Statute, controls. *Id.* at 480–81, 502 *A.*2d 1198. The court relied upon civil rights decisions.

New York civil rules make specific provision for this type of problem. Rule 15 provides:

(a) When a proposed deposition upon oral examination, including a deposition before action or pending appeal, is sought to be taken at a place more than one hundred (100) miles from the courthouse, the court may provide in the order or in any order entered under Rule 30(b), Federal Rules of Civil Procedure, that prior to the examination, the applicant pay the expense of the attendance including a reasonable counsel fee of one attorney for each adversary party at the place where the deposition is to be taken. The amounts so paid, unless otherwise directed by the court, shall be a taxable cost in the event that the applicant recovers costs of the action or proceeding.

[U.S. Dist.Ct. S. & E.D.N.Y., Civil Rule 15 (McKinney 1993).]

The federal rules are not equally clear. The applicable portions of Rule 26(c) read:

(c) Protective Orders. Upon motions by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternative, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; ...

[*Fed.R.Civ.P.* 26(c).]

This rule has been interpreted broadly. "Rule 26(c) gives the court authority to make orders regarding the expenses of discovery. The district courts have considerable discretion in exercising this authority." 4 James W. Moore et al., *Moore's Federal Practice* ¶ 26.77 (2d ed. Supp.1993–94).

Examination of pertinent Federal decisions provides the rationale for the ruling which follows.

In *Gibson v. International Freighting Corp.*, 8 *F.R.D.* 487 (E.D.Pa.1947), aff'd. 173 *F.*2d 591 (3d Cir.1949), there was an application by plaintiff to recover the expenses of his attorney traveling from Philadelphia to Chicago to take the deposition of a defendant's witness. There, as here, the deposition was to be used as testimony at the trial, and not for discovery. The court ruled: "The question raised by this motion presents a matter peculiarly within the discretion of the Court and the Court is of the opinion that, under the circumstances of this particular case, the expenses of plaintiff's counsel should be paid by the defendant." *Id.* at 488. *Interlego A.G. v. Leslie–Henry Co., Inc.*, 32 *F.R.D.* 9 (M.D.Pa.1963), was also a pretrial application for a protective order as to costs of depositions taken at a distance from the place of litigation. In *Gibson,* the plaintiff lacked funds to pay for the cost of his attorney traveling in order to take the deposition. In contrast, in *Interlego,* the defendant was well able to pay the cost of taking of the depositions and the cost was moderate. In *Interlego,* the court denied the application, stating: "The allowance of travel expenses and counsel fees incident to depositions is also in the court's discretion. Courts are generally reluctant to allow expenses and fees unless special circumstances warrant the exercise of that discretion." *Id.* at 11 (citations omitted).

Cases involving application for costs after the litigation has been decided take a similar view. *United States v. Vitasafe Corp.*, 9 *F.R.Serv.*2d 54d.143 (S.D.N.Y.1964) involved such an application for costs of taking depositions and travel expenses. Granting the

application, the court stated: "The witnesses were spread all over the country and the taking of their depositions was essential to the plaintiff's case." *Ibid.* In *Marcoin, Inc. v. Williams*, 88 *F.R.D.* 588, 592 (E.D.Va.1980), the court delineated some of the controlling principles:

> It seems to be the general rule that depositions taken solely for discovery are not taxable as costs, but if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude they were necessarily obtained for use in the case. *Sperry Rand Corporation v. A–T–O, Inc., supra*, [58 F.R.D. 132 (E.D.Va. 1973)], and cases there cited. *Worley v. Massey–Ferguson, Inc.*, 79 F.R.D. 534, 537 (D.C.Miss.1978), has collected the authorities on the subject. It makes clear that the cost of depositions necessarily obtained for use in the case are taxable as costs. They are taxable "where necessary for defendant's preparation for trial," and where there was "a reasonable need that counsel have a copy of the depositions. *Id.*, page 537 (citations omitted)."

Similar principles were enunciated in *LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n*, 830 *F.*2d 522 (4th Cir.1987), *cert. denied*, 484 *U.S.* 1065, 108 *S.Ct.* 1027, 98 *L.Ed.*2d 991 (1988), where the court ruled:

> A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking. Therefore, we vacate the order of the district court denying costs for these expenses and remand for consideration of whether these costs were reasonably necessary for preparation for trial at the time they were taken. If the district court finds that they were reasonably necessary, it should allow the costs.

> [*Id.* at 528 (citations omitted).]

The roughly comparable New Jersey Rules are 4:42–8 and 4:42–9. New Jersey courts award costs after trial if applied for and if deemed necessary. *See A.J. Tenwood v. Orange Senior Citizens Housing*, 200 *N.J.Super.* 515, 531, 491 *A.*2d 1280 (App.Div.1985); *Kronish v. The Howard Savings Institution*, 161 *N.J.Super.* 592, 608, 392 *A.*2d 178 (App.Div.1978) (cases holding that discovery expenses were not recoverable). Application of the New Jersey rules is discretionary since the court is the ultimate arbiter as to whether costs and counsel fees should be allowed. *See Finch, Pruyn & Co. v. Martinelli, supra*, 108 *N.J.Super.* at 159–60, 260 *A.*2d 259.

However, the Rules are silent as to which party is to bear the burden of the expense involved in taking depositions and of the expense of traveling for depositions and attorney's fees in the taking of depositions. I will issue the commission for the taking of the deposition in Florida. However, I will reserve on the issue of who should bear the costs and what may be allowed. The Federal decisions provide guidance as to the principles which control in this type of application. I conclude that the court has authority to make such a determination and that it is entrusted to the sound judgment of the court. The ruling as to the allocation of the costs of taking depositions and also the traveling expenses of defense counsel in attending the taking of the depositions in Florida will await the outcome of the case. The controlling principles will be: the necessity for taking the depositions; the importance of the testimony; the extent to which the testimony is used at the trial; and whether there were alternative methods of producing the same material, bearing in mind that the normal rule is to award costs to the prevailing party.