Dear Senator Fontenot:
You presented this office with a federal consent judgment in the matter of U.S. v. Association of Casualty and Surety Companies, Civil Action No. 3106, and requested an opinion based upon this consent judgment as follows: "If the same style claims handling practices without the existence of a formal plan is occurring in Louisiana, would these practices violate Louisiana's anti-trust laws?"
The answer is yes for reasons that follow.
The federal consent decree asserts the following antitrust claims against the defendants: conspiracy to violate the antitrust law and (1) price fixing or controlling prices in the auto repair shop industry; (2) price fixing or controlling prices in the appraisal industry; (3) allocating/dividing customers, territories, markets or business; and, (4) destroying the independence of appraisers.
All of the above-mentioned claims exist under Louisiana antitrust law as can be seen from the holdings in both the Louisiana appellate and Supreme Court versions of Louisiana Power Light Co. v. United Gas Pipeline Co.
 "Antitrust law' is a generic term referring to a wide scope of business regulations and statutes. LPL v. United Gas Pipeline Co., 478 So.2d 1240, 1253
(La.App. 4th Cir. 1985). (Some of the Louisiana claims which can be brought are listed on pg. 1254 of the decision).
 Thus, it finally becomes apparent that due to the broad scope of antitrust law and long chain of actions over several decades, this court is not dealing with one action under one theory, but rather with a number of actions under a variety of theories and statutes. Id. at pg. 1254.
 Finally, R.S. 51:122 and 123 are virtually identical, in relevant part, to the analogous provisions of federal antitrust statutes, sections 1 and 2 of 15 U.S.C. . . .
 Because La.Rev.Stat. Ann. R.S. 51:122 is a counterpart to S. 1 of the Sherman Antitrust Act, the United States Supreme Court's interpretation of the Sherman Act should be a persuasive influence on the interpretation of our own state enactment. However, the federal analysis is not controlling. LPL v. United Gas Pipeline Co., 493 So.2d 1149, 1158 (La. 1986) (quoting Parish National Bank v. Lane, 397 So.2d 1282, 1285 (La. 1981) (citing Madison v. Travelers Ins. Co., 308 So.2d 784 (La. 1975) and Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
Thus, because these causes of action exist under the federal antitrust law, they also exist under the Louisiana Antitrust law as well.
Trusting this opinion to be of sufficient information, I remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ Jane Bishop Johnson Assistant Attorney General
JBJ:spa