The opinion of the court was delivered by
Breaux, J.
A fl. fa. was issued on a judgment obtained against the relator.
The defendant in the present]proeeeding for writs of certiorari, appeared before the acting judge and made an affidavit in which he swore that to enable the constable to seize the property of the relator, an order of court should issue to compel him to open an iron safe which contained relator’s property. The order applied for was issued. The constable’s return upon the order shows that the relator refused to obey the order.
Auguste Anglade, the judgment creditor, sued out a rule against his debtor, against whom he had obtained a judgment.
The rule was made absolute and the debtor, who is the relator here, was committed to prison for contempt.
The relator herein alleging that it was not possible under the law to compel him, quasi servum, to render personal aid to the executive officer of the court, applied to this court for writ of certiorari, and *1415 prayed to be set at liberty and to have the proceedings annulled and avoided. The order nisi issued upon relator’s petition, directed the release of the relator from custody, fixed a time for hearing the application for the writ on the merits, and reserved to the plaintiff (in the court below who is defendant and respondent here) the right to have the chest in question opened, or to cause it to be opened by the constable, and to make a seizure of any of the defendant’s property therein contained.
There are two interests to protect. Those of the creditor, who seeks to recover the amount for which he has obtained a judgment, and, on the other hand, those of the debtor, who can not be forced to the performance of acts not covered by the terms of the judgment.
The judgment was for money. The rights of the parties were determined by the decree. This covered all legal steps essential to seize and sell the property of the debtor.
But after a valid levy under an execution on the judgment (or in order to effect a valid seizure), the judgment creditor has no right to coerce the judgment debtor to produce keys and open iron safes, particularly when a valid seizure can be made without issuing process for contempt.
It was suggested in argument at the bar on behalf of the respondent that there are two modes of executing under a ft. fa. One by causing the sheriff or constable to break open the doors of the safe as authorized by Art. 762, C. P., and the other by the form of a rule for contempt as in the ease here.
The former has the expressed sanction of law, while no authority that we have found sustains the latter.
The respondent has not supported his position on this point by reference to any authority applying.
We translate tbe following as supporting the view that the seized debtor can not be commanded to open the doors and iron safes.
Coercion is only legal when sanctioned by legislative will. Bonnier Elements de Procedure, p. 114.
Reasoning a moment by analogy :
Art. 1926 of the Louisiana Civil Code and Art. 1142 of the French Oode are similar.
Interpreting this article, the French authorities have repeatedly decided that the action was for damages, in cases of an obligor’s failure *1416 to comply with his obligation “ to do or not to do,” and that no process should issue to compel performance by coercion (par con - trainte de corps).
This court upon this point has reached the same conclusion. Levine vs. Michel, 35 An. 1121; Laroussini vs. Werlein, 48 An. 14-16.
In State ex rel. Hero, 36 An. 352, this court said: “It appears, that our law does not authorize the enforcement of final judgments, much less of ex parte orders, directing the delivery of property, by process for contempt.”
There is nothing in the judgment, being one for money, or, in the articles of the Code of Practice which will justify us in holding that-the debtor must be held to the specific performance of anything.
Finally, the respondent urges that this application should be dismissed for the reason that á writ will not issue when there was remedy by appeal.
If the' judgment sought to be enforced was taken by. the defendant and respondent as the basis to determine the right of appeal, it had become final and executory. The possibility of taking a devolutive appeal would have answered no valuable purpose and would only have resulted in disappointment.
In such a case the rule of practice referred to relative to remedy by appeal instead of certiorari does not apply.
But, if the order of commitment alone is the basis, as we think it is not appealable, there being no amount involved. Again, this court has decided in regard to jurisdiction if “ the order committing relator to prison for contempt was one which the judge was without authority to make, and therefore null and void, he is entitled to relief by certiorari. Citing State ex rel. Liversey vs. Judge, 34 An. 741.
In the present case we hold that the order committing relator to prison was not supported by authority, and therefore certiorari offered a relief within our jurisdiction.
It is ordered, adjudged and decreed that the orders nisi be made absolute, and the order committing relator to prison for contempt, be declared void, and be set aside.