ELLIS, Judge.
Edward H. Wurst and Gloria T. Wurst obtained a judgment against Thomas R. Pruyn and others, which was subsequently assigned to Phil Z. Cole, the plaintiff herein. In April, 1968, plaintiff filed a garnishment petition by virtue of which he sought to garnish the salary of Dorothy Elaine Babcock Pruyn, wife of Thomas R. Pruyn, who was then employed by the East Baton Rouge Parish School Board. Answers to the interrogatories accompanying the garnishment were filed by the school board and pursuant thereto a judgment garnishing Mrs. Pruyn’s salary was signed on June 25, 1968.
On December 23, 1968, Mrs. Pruyn filed a motion to dissolve the garnishment alleging that she had, on June 15, 1967, executed a declaration of paraphernality under Article 2386 of the Civil Code and that said declaration had been recorded in the Conveyance Records of East Baton Rouge Parish on June 20, 1967. She further alleged that the declaration had the effect of making her earnings separate and paraphernal property, not subject to garnishment in satisfaction of a community debt. She asked that the plaintiff show cause why the garnishment should not be dissolved and why he should not be condemned to pay damages and attorney’s fees and restore to her all amounts previously seized under the judgment of garnishment.
After a hearing, and a new trial, final judgment was signed on June 4, 1969, dissolving the garnishment, granting mover judgment against plaintiff for $1432.08, which was the total amount of wages seized under the garnishment, and granting her $150.00 as attorney’s fees because of the wrongful issuance of the garnishment. From this judgment, plaintiff has appealed.
Since the decision in Houghton v. Hall, 177 La. 237, 148 So. 37 (1933), the earnings of a wife living with her husband under the regime of the community of acquets and gains have been considered as community property. Article 2334, Civil Code.
*256 We are asked to decide if the filing of a declaration of paraphernality under the provisions of Article 2386 of the Civil Code can have the effect of converting these earnings into the separate property of the wife. That article reads as follows:
“The fruits of the paraphernal property of the wife, wherever the property be located and however administered, whether natural, civil, including interest, dividends and rents, or from the result of labor, fall into the conjugal partnership, if there exists a community of ac-quets and gains; unless the wife, by written instrument, shall declare that she reserves all of such fruits for her own separate use and benefit and her intention to administer such property separately and alone. The said instrument shall be executed before a Notary Public and two witnesses and duly recorded in the Conveyance Records of the Parish where the community is domiciled.
“If there is no community of gains, each party enjoys, as he chooses, that which comes to his hand; but the fruits and revenues which are existing at the dissolution of the marriage, belong to the owner of the things which produce them.”
Article 2386 is found in the section of the code entitled “Of Paraphernalia or Ex-tradotal Effects”. By the terms of the article itself, it has reference only to the fruits of the paraphernal property of the wife, however produced. The earnings of the wife in this case do not arise as a result of her labor or industry bestowed on her paraphernal property, but rather come from a source entirely independent thereof. Article 2386 does not apply to such earnings, and the community character thereof cannot be affected by the filing of a declaration of paraphernality. See Paxton v. Bramlette, 228 So.2d 161 (La.App. 3 Cir. 1969).
The judgment appealed from is reversed and set aside, and the judgment of garnishment, dated June 25, 1968, is reinstated. All costs are to be paid by mover, Mrs. Dorothy Elaine Babcock Pruyn.
Reversed and rendered.