LEMMON, Judge.
This case presents the legal issue of whether the wages of a wife, who has been discharged in bankruptcy, are subject to garnishment by a creditor whose claim was listed on her bankruptcy schedule.
Arthur Fulmer instituted suit to recover the balance due on a promissory note executed by Mr. and Mrs. Fred P. Harper. On November 8, 1962 judgment was obtained by default against both defendants.
Mrs. Harper was discharged in bankruptcy on September 23, 1963, in which *356 proceedings Fulmer was listed on the schedule of creditors.[1]
On January 20, 1971 Fulmer caused Mrs. Harper’s employer to be cited as a garnishee. She then filed a rule to vacate the garnishment proceedings, claiming that the debt was discharged in her bankruptcy proceedings.
The trial court rendered a judgment •making the rule absolute and vacating the garnishment proceeding, and Fulmer has appealed.
Under Louisiana law property acquired during a marriage is classified into one of three estates, either the separate estate of the husband, the separate estate of the wife, or the community estate. The wages of the wife who is living with her husband fall into the community estate. C.C. art. 2402; Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1955).
Debts incurred during the marriage are also classified according to which spouse incurred the debts and which estate is responsible for payment thereof. When the husband, who is head and master of the community, incurs a debt, both the community and the separate estate of the husband[2] are obligated for the payment of the debt.
In the present case the debt was incurred by the husband and wife jointly, and the community, as well as each spouse, was responsible for payment. Since Fulmer ‘was a creditor of the community, he could proceed against community property, including the wife’s wages. Prior to the bankruptcy, he could also have proceeded against property belonging to either the husband’s separate estate or the wife’s separate estate.
What then was the effect of the wife’s discharge in bankruptcy? In general the purpose of bankruptcy is to allow a person to relinquish his present assets to his creditors in exchange for a discharge from his present debts. The person then makes a new financial beginning free from debt, but without assets.
In Mrs. Harper’s bankruptcy proceedings she could relinquish only the assets belonging to her separate estate and obtain the discharge only of the debts for which her separate estate was responsible. She had not the legal right to make any assets belonging to the community available to the creditors of her separate estate, nor could she obtain the discharge of any debts from which the community was responsible.
We therefore believe that the bankruptcy served to discharge listed debts only to the extent that Mrs. Harper’s separate estate was no longer responsible for their payment. To the extent that Mr. Harper’s separate estate or the community were responsible, the debts were not affected by her discharge. The debt in question was therefore discharged only to the extent that her separate estate was relieved of responsibility incurred by her execution of the note.
Stated differently, 11 U.S.C. § 35 provides that “A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, . . .” We interpret “provable debts”, where the bankrupt is a Louisiana wife living with her husband, to mean only those debts for which her separate estate is wholly or partially responsible. Since Mrs. Harper executed the note, her separate estate was partially responsible for the debt, and to that extent the debt has been *357 discharged. But the obligation remains a debt of Mr. Harper’s separate estate and of the community.
Since the Fulmer debt remains a debt for which the community estate is responsible, it can serve as the basis for the garnishment or seizure of property belonging to the community, including the community property produced solely through the industry of the wife.
The reverse of this situation was presented to the court in Commercial Credit Plan, Inc. v. Perry, 186 So.2d 900 (La.App. 1 Cir. 1966), certiorari denied, 249 La. 709, 190 So.2d 231 (1966), which held that the wife’s earnings, being community property, cannot be seized to enforce the wife’s separate debt. If these earnings also cannot be seized to satisfy a community debt, as contended by defendant, they would be effectively exempt from seizure altogether.
Accordingly, the judgment of the district court vacating the garnishment proceedings is set aside, and the case is remanded for further proceedings.
Set aside and remanded.

. Mr. Harper apparently also petitioned for, but did not receive, a discharge in bankruptcy.

. In essence, the husband’s only separate debts are those acquired prior to the marriage. See generally 3 Planiol, Traité Élémentaire de Droit Civil, Ch. II, §§ 1 and 2, Nos. 1067, 1068, 1072, 1083, 1086 (11th ed. La.State Law Institute transl. 1959).