289 So.2d 316 (1973)
DUNN & BRADSTREET, INC.
v.
Ebb HARRISON d/b/a Ebb Tide II Record Co.
No. 9643.
Court of Appeal of Louisiana, First Circuit.
November 29, 1973.
Charles L. Miller, Baton Rouge, for appellant.
Ebb Harrison, pro se.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
This matter is before us on alternative writs of certiorari, prohibition and mandamus issued to review the judgment of the trial court which refused to order a judgment debtor to disclose the place of his wife's employment while under examination pursuant to LSA-C.C.P. arts. 2451-2456, inclusive, known as the Examination of Judgment Debtor Statute. We make the writs peremptory and order the trial court to command the judgment debtor to provide the requested information.
Applicant for writs, Dunn & Bradstreet, Inc. (Creditor) obtained a money judgment in the sum of $1,695.00 against defendant Harrison (Debtor). Creditor then properly instituted proceedings to examine debtor in accordance with LSA-C.C.P. arts. 2451-2456, inclusive, to ascertain means and sources through which Creditor might satisfy its judgment. Debtor duly appeared, was placed under oath and, by agreement, was examined out of the presence of the trial court. Upon Debtor's refusal to disclose the place of his wife's employment, Creditor requested the court to order Debtor to answer the inquiry in open court. Upon Debtor's refusal to answer in open court, the trial court took the matter under advisement and subsequently rendered judgment declaring that Debtor was not required to disclose the place of his wife's employment. Creditor *317 immediately applied for the writs which were granted herein.
Our Examination of Judgment Debtor Statute, LSA-C.C.P. 2451-2456, inclusive, provides that, in aid of execution of judgment, a creditor may examine a judgment debtor, his books, papers, or documents upon any manner relating to his property, Article 2451. The statute further provides for the place where such examinations may be held, Article 2452, and that courts may order a judgment debtor to appear in court and produce books, papers and documents relating to his property, Article 2453. The debtor is required to take an oath in the same manner as a witness in a civil proceeding, Article 2454. Costs of the examination are required to be taxed to the debtor in all cases except where it is found the creditor needlessly invoked the examination, Article 2455. A judgment debtor who refuses to answer a pertinent question upon examination may be punished for contempt, Article 2456.
The Official Revision Comments under the pertinent statutory articles disclose their source to be former R.S. 13:4311, which in turn was patterned upon the Federal Rules of Civil Procedure, particularly F.R.Civ.P. 69(a). A distinction between Rule 69(a) and former R.S. 13:4311 is noted in the Comments to the effect that while Rule 69(a) allows examination of "any person", former R.S. 13:4311 limited examination to the judgment debtor, a distinction preserved in LSA-C.C.P. art. 2451. See also, Simmesport State Bank v. Scallan, La.App., 134 So.2d 391. It is clear that the statute in question limits the scope of examination to the judgment debtor himself.
A mere reading of the statute reveals its intent to constitute a procedural aid to a judgment creditor seeking execution on a claim reduced to judgment. It patently provides a means by which the creditor may discover property and assets, or sources thereof, either belonging to the debtor, or in which the debtor has an interest, and which are by law subject to seizure or levy in satisfaction of the debtor's obligations. We are of the view that the nature of the statute requires its liberal interpretation in favor of the creditor in order to foster its obvious purpose and intent.
With the foregoing in view, we note the well settled rule that the wages of a wife living with her husband fall into the community of acquets and gains existing between them. Paxton v. Bramlette, La. App., 228 So.2d 161; Wurst v. Pruyn, La. App., 233 So.2d 255; Fulmer v. Harper, La.App., 265 So.2d 355.
It is equally well established that wages earned by a wife living with her husband are community assets and, as such, are subject to seizure in satisfaction of a community obligation. Wurst v. Pruyn, above.
In refusing to order Debtor to disclose the place of the Debtor's wife's employment, our colleague below relied upon Anglade v. Judge, 48 La.Ann. 1414, 20 So. 912 (1896), which held that a debtor was not obligated to aid his creditor in the creditor's pursuit of property pursuant to conservatory writ. Anglade, above, predated Act 198 of 1924 (now repealed), which first established the right of creditors to examine their judgment debtors. We note that Act 198 of 1924, and also present C.C.P. art. 2451, both expressly permit examination of a judgment debtor. Moreover, we observe that in Fithian v. Centanni, 159 La. 831, 106 So. 321 (1926), the Supreme Court expressly held that Act 198 of 1924 was remedial in nature. We find that Anglade, above, is inapplicable in this instance.
We likewise find no merit in Respondent Judge's contention that an order of this nature is unenforcible because a noncomplying debtor could not be held in contempt for failure to obey. LSA-C.C.P. art. 2456 expressly states that a debtor refusing to *318 obey an order to answer a pertinent question may be punished for contempt.
We find the question posed by Applicant to be pertinent in an examination of judgment debtor proceeding. Should Debtor refuse to answer, he is amenable to punishment for contempt.
It is ordered, adjudged and decreed that the alternative writs issued herein be made peremptory and judgment is rendered herein ordering, directing and commanding the Honorable Jess Johnson, Judge, Nineteenth Judicial District Court, to order defendant Ebb Harrison, d/b/a Ebb Tide II Record Co., to answer the question calling for disclosure of said defendant's wife's place of employment in the Examination of Judgment Debtor proceeding pending in the court below.
It is further ordered, adjudged and decreed that this matter be remanded to the trial court for further proceedings consistent with the views herein expressed; all costs incident to this application for supervisory writs shall be paid by defendant, Ebb Harrison, d/b/a Ebb Tide II Record Co.
Writ made peremptory, judgment rendered and matter remanded to the trial court.