397 So.2d 1282 (1981)
PARISH NATIONAL BANK
v.
C. E. LANE.
No. 80-C-2443.
Supreme Court of Louisiana.
April 6, 1981.
Rehearing Denied May 18, 1981.
*1283 John N. Gallaspy, of Gallaspy & Paduda, Bogalusa, for defendant-relator.
Edward A. Griffis, of Talley, Anthony, Hughes & Knight, Bogalusa, for plaintiff-respondent.
DIXON, Chief Justice.
On February 4, 1980 plaintiff obtained a judgment against defendant on a promissory note in the amount of $6660 with interest, attorney fees and costs. Defendant did not pay the judgment, and plaintiff filed a motion for a judgment debtor examination. At this examination plaintiff learned that defendant's homesite consisted of 10.46 acres of land on the outskirts of Bogalusa. Mr. Lane could place no value on the property because it had not been recently appraised. He claimed a $15,000 homestead exemption and also some outstanding mortgages on the property. To determine whether there was any nonexempt value in the property available for seizure, the bank requested permission to photograph and measure the premises. (The homesite was a considerable distance from the public road and not visible from it because the acreage was wooded). Defendant refused to allow the bank to enter his property. The bank then filed a motion to inspect and view the property under C.C.P. 2451 and 1462. The motion specifically sought entry in and upon defendant's home and 10.46 acres of land for the purpose of inspecting, measuring, photographing and/or appraising the property. The district court granted the motion. The Court of Appeal refused writs, commenting: "We find no error in the ruling complained of." This court granted writs to consider whether C.C.P. 2451-2456 allow a judgment creditor not only to examine the judgment debtor and his books, papers and documents, but also permit him to come upon the judgment debtor's premises and into his home. We now affirm.
In his brief, defendant argues that entry would constitute an unreasonable invasion of privacy and would infringe on his constitutional right to be secure in his person and property. (Art. 1, § 5, La.Const. of 1974). He contends that C.C.P. 2451 merely mentions the discovery articles to indicate that a judgment debtor may be examined by means of the various procedures available for pretrial discovery, such as depositions, written interrogatories, etc. In his view, the reference is not intended to enlarge the scope of the examination. The bank believes that the wording of C.C.P. 2451 indicates that all discovery procedures mentioned in the Code of Civil Procedure are available to the judgment creditor. It notes that C.C.P. 1461 and 1462 authorize entry upon land or other property for the purpose of inspecting, measuring and surveying. The bank argues that as a judgment creditor it can legally seize the debtor's property and have it appraised and sold at a judicial sale, pursuant to C.C.P. 2291 and 2332, and should be permitted the lesser intrusion of inspection and appraisal before seizure. The bank further argues that the *1284 intrusion is not unreasonable. It claims that it does not intend to harass the defendant or to rummage through his possessions; it intends to observe the size and condition of the structures located on the property, as an appraiser would do for purposes of judicial sale. Finally, it argues that the right to privacy is not an absolute bar to entry and inspection of another's premises. Plaintiff adds that in this case appropriate due process safeguards, such as notice and a hearing, have been observed, and that defendant has sought no protective order from the court.
C.C.P. 2451 provides:
"In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, either as provided in Articles 1421 through 1515 or as provided in Articles 2452 through 2456."[1]
The article, sometimes characterized as a discovery device, is intended to assist creditors in executing their judgments by providing them a means to discover assets or property belonging to the debtor which may be subject to seizure. One court has declared that "... the nature of the statute requires its liberal interpretation in favor of the creditor in order to foster its obvious purpose and intent." Dunn & Bradstreet, Inc. v. Harrison, 289 So.2d 316, 317 (La.App. 1st Cir. 1973). Article 2451 was patterned on Rule 69(a) of the Federal Rules of Civil Procedure, specifically, according to the Official Revision Comment on C.C.P. 2451, to permit the use of depositions. Federal Rule 69(a) read in 1960, in pertinent part:
"... In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions or in the manner provided by the practice of the state in which the district court is held."[2] (Emphasis added).
The rule's terminology aroused some dispute as to whether judgment creditors were limited to taking depositions or could use all the discovery devices provided by the federal rules.[3] To eliminate this uncertainty and *1285 to assure that all discovery procedures provided in the rules, not just discovery via the taking of depositions, could be used in execution,[4] the rule was amended in 1970 to read, in part:
"... In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." (Emphasis added).
This amended version of the rule clearly entitles the judgment creditor in federal court to use the full panoply of federal discovery devices provided by Rules 26-37, or to obtain discovery in the manner provided by the state in which the federal district court sits.[5] He may take oral depositions, submit written interrogatories and requests for admissions, and compel the production of documents and records to the same extent as is permitted during the progress of an action and subject to the same safeguards against abuse.
Since our article is essentially based upon the federal rule, the federal courts' interpretations of the source rule would be a persuasive, though not controlling, guide to the intended scope of the article. Madison v. Travelers Insurance Co., 308 So.2d 784 (La.1975); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963). Cases and commentators indicate that judgment creditors have in fact been able to compel the production of documents under Rules 69(a) and 34. However, our examination of the jurisprudence has not produced any case in which a judgment creditor sought entry upon land under Rule 69(a) and 34.
Nevertheless, we believe that entry upon the debtor's property is permissible under the particular circumstances before us here. Since the bank has the right to seize and appraise the property, it does not seem a substantial infringement to permit a limited inspection of the property prior to seizure. Where the debtor can place no value on the land, justice is not substantially impaired by permitting the judgment creditor to examine and appraise the property prior to seizure rather than after seizure. Defendant is free to seek any protective order from the court establishing the conditions and scope of the inspection.[6]
Entry under the particular circumstances of this case does not constitute an unreasonable invasion of privacy. The right to privacy, first defined by Samuel Warren and Louis Brandeis as the "right to be let alone,"[7] has been recognized by our courts since 1905. In that year, this court declared that: "Every one who does not violate the law can insist upon being let *1286 alone (the right of privacy)...." Itzkovitch v. Whitaker, 115 La. 479, 482, 39 So. 499, 500 (1905). Later decisions held that violation of the right was a tort under C.C. 2315. Pack v. Wise, 155 So.2d 909 (La. App.3d Cir. 1963); Quina v. Robert's, 16 So.2d 558 (La.App.Orl.1944). The Louisiana Constitution adopted in 1974 specifically states that: "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy...." La.Const. of 1974, Art. 1, § 5.[8]
The right of privacy protects varied interests from invasion. Among the interests protected is the individual's right to be free from unreasonable intrusion into his seclusion or solitude, or into his private affairs. This includes the right to be free of unwarranted intrusion into his own quarters.[9] However, the right to privacy, like other personal rights, may be lost in many waysby express or implied waiver or consent, or by a course of conduct which prevents its assertion.[10] Moreover, the right is not absolute; it is qualified by the rights of others. The right of privacy is limited by the state's reasonable exercise of the police power. Arrested persons may be fingerprinted; searches and seizures authorized by warrants based on probable cause are permissible. Zoning laws and environmental controls may restrict the use of private property. Premises may be inspected to determine if they are in compliance with safety and health regulations.
The right of privacy is also limited by society's right to be informed about legitimate subjects of public interest. Individuals involved in civil litigation may be compelled to give evidence which tends to embarrass them or to produce documents of a confidential nature. A debtor's right of privacy is subject to the creditor's right to take reasonable steps to collect his debt. The creditor's actions may result in some invasion of the debtor's privacy, but the debtor will be held to have a cause of action only if the steps taken are unreasonable and oppressive, or expose the debtor to public disgrace.[11]
In dealing with invasion of privacy allegations, courts have had to distinguish between actionable and nonactionable invasions. Generally, an actionable invasion of privacy exists only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979). The Right of Privacy in Louisiana, 28 La.L.Rev. 469 (1968). The reasonableness of the defendant's conduct is assessed by balancing his interest in pursuing his course of conduct against the plaintiff's interest in protecting his privacy. Where a defendant's action is properly authorized or justified by circumstance, it may be found reasonable and nonactionable even though it amounts to a slight invasion of the plaintiff's privacy. See Pitcher v. Iberia Parish School Board, 280 So.2d 603 (La. App. 3d Cir. 1973), writ denied, 283 So.2d 496 (La.1973), cert. denied, 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 109 (1974).
In the case before us, the interest of the bank in appraising defendant's property is *1287 substantial. Furthermore, the interest of an organized society in the execution of a judgment of court, under the order and supervision of the court, may be paramount to a single intrusion onto defendant's land and into the privacy of his home. The inspection of defendant's property is permitted by statute, and we find no unconstitutional infringement on defendant's right to privacy. Defendant may yet exercise his right, which we specifically reserve to him, to obtain protective orders to minimize the intrusion by the creditor.
The judgment of the district court is affirmed, at the cost of defendant-relator.
WATSON and MARCUS, JJ., concur.
NOTES
[1] C.C.P. 2451-2456 replaced former R.S. 13:4311-4315, repealed by 1960 La.Acts, No. 32, § 2, effective January 1, 1961. These statutes were in turn derived from 1924 La.Acts, No. 198, § 1 and 1928 La.Acts, No. 263, § 2, which authorized creditors to examine debtors and to compel the production of books, papers and other documents pertaining to their estates and property. The constitutionality of these acts was upheld in Fithian v. Centanni, 159 La. 831, 106 So. 321 (1925) and Sealy v. Dussel, 157 La. 485, 102 So. 581 (1924).

Article 2452 indicates the proper site for the examination.
Article 2453 authorizes the court to order the judgment debtor to appear in court and to produce books, papers and documents relating to his property.
Article 2454 requires the debtor to take an oath in the same manner as a witness in a civil proceeding.
Article 2455 provides that the costs of the examination are to be taxed to the debtor unless the creditor has needlessly invoked the examination.
Article 2456 states that a judgment debtor who refuses to appear or to produce documents or to answer questions regarded as pertinent by the court may be punished for contempt.
The discovery section of the Code of Civil Procedure comprising articles 1421-1515 was amended and reenacted by 1976 La.Act, No. 574, § 1, and now includes articles 1421-1474.
[2] The omission of the phrase "any person" from our code article was construed as a deliberate expression of the legislature's desire to restrict examination to the judgment debtor alone in Simmesport State Bank v. Scallan, 134 So.2d 391 (La.App. 3d Cir. 1961).
[3] One court held that discovery under Rule 34 was unavailable to the judgment creditor. M. Lowenstein and Sons, Inc. v. American Underwear Mfg. Co., 11 F.R.D. 172, 173 (E.D.Pa. 1951). The court denied the plaintiff's request for an order compelling production of documents and records under F.R.C.P. 34, stating that the rule: "... permits the court to order production of documents only in an action pending before it. The action in which the order is sought has ripened into a final judgment and is no longer pending in this Court. The purpose of Rule 34 is to aid discovery in connection with trial, and its function is not expanded by Rule 69, ..."

On the other hand, the Fifth Circuit relied heavily on the legislative history of Rule 33 to hold that Rule 69(a) authorized the judgment creditor to propound and serve written interrogatories on the judgment debtor. United States v. McWhirter, 376 F.2d 102, 106 (5th Cir. 1967). The court examined the testimony before the House Committee on the Judiciary which considered the rules and concluded that the drafters intended to give the judgment creditor the right to use all the discovery devices afforded by Rules 26-33. The court thought that limiting the construction of the rule to the taking of depositions would defeat its purpose and would be inconsistent with the general scheme of discovery practice in the federal courts:
"... The discovery provisions of the Federal Rules of Civil Procedure were designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed. That basic philosophy applies with equal force whether the information is sought in a pre-trial or in a post-judgment discovery proceeding...."
[4] Note of the Advisory Committee, Rule 69, Federal Rules of Civil Procedure; Moore's Federal Practice, ¶ 69.05(1) (2d ed. 1975); Wright and Miller, 12 Federal Practice and Procedure, § 3014 (1973).
[5] Moore, supra; Wright and Miller, supra.
[6] C.C.P. 1426 provides for the issuance of protective orders by the courts. It states, in part:

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..."
[7] The Right to Privacy, 4 Harv.L.Rev. 193 (1890).
[8] There is some question as to whether the section is intended to protect against private conduct as well as government conduct. The provision seems to be a counterpart to the Fourth Amendment of the Federal Constitution. However, Professor Lee Hargrave believes that the section establishes an affirmative right to privacy which goes beyond the domain of criminal law. He notes that the provision was deliberately placed apart from the criminal procedure guarantees. The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L. Rev. 1 (1974).
[9] Dean Prosser has pointed out three other types of invasion which infringe upon privacy interests: (1) public disclosure of embarrassing private facts; (2) publicity which places the individual in a false light in the public eye; (3) appropriation of the individual's name or likeness for another's advantage. Privacy, 48 Calif. L.Rev. 383 (1960)
[10] See The Right to Privacy, 14 A.L.R.2d 750.
[11] See Public Disclosure of Person's Indebtedness as Invasion of Privacy, 33 A.L.R.3d 154; Pack v. Wise, supra; Cunningham v. Securities Investment Co., 278 F.2d 600 (5th Cir. 1960).