531 So.2d 554 (1988)
Robert M. CASSE and Ernest S. Koch, Jr.
v.
LOUISIANA GENERAL SERVICES, INC. and Louisiana Gas Service Company, Inc.
No. 87-CA-808.
Court of Appeal of Louisiana, Fifth Circuit.
September 14, 1988.
Writ Denied December 2, 1988.
Louis L. Robein, Jr., Metairie, for plaintiffs-appellants.
Frederick S. Kullman, New Orleans, for defendants-appellants.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
Robert M. Casse and Ernest S. Koch Jr. were discharged by their employer after voluntarily submitting to drug testing that showed THC metabolite in their urine. Their petition for damages in the 24th Judicial District Court was met with exceptions of no right or cause of action, which were maintained. The suit was dismissed with prejudice. We affirm.
Initially, we note that neither Casse nor Koch alleged that he had been employed for a fixed term or that he was a party to a contract of employment. Thus, under this state's well settled "employment-at-will" doctrine, either or both could normally be terminated for any reason.
On appeal, and in an attempt to circumvent "employment-at-will," plaintiffs-appellants argue that the trial judge erred in not finding a right or cause of action for (a) violation of the Louisiana Civil Rights for Handicapped Persons Act, (b) invasion of privacy and (c) abuse of rights in connection with the imposition of mandatory urinalysis on employees. Also, Casse and Koch contend their petition did establish a right and cause of action and they were procedurally entitled to a trial on the merits.
A handicapped person under the Handicapped Persons Act, LSA-R.S. 46:2251 etc., is one with an impairment. An impairment is described in R.S. 46:2253(2) as "... retardation; any physical or physiological disorder or condition ..."
Appellants were never perceived as being handicapped or being drug addicts by either themselves, their employers or the trial judge. There is no wording in Title 46 *555 or in this record suggesting that appellants are entitled to employment relief under these statutes.
In their second contention, appellants argue that Article I, Section 5 of the Louisiana Constitution prohibits unreasonable invasions of privacy. In Parish National Bank v. Lane, 397 So.2d 1282 (La. 1981), a footnote at page 1286 reads in part:
"There is some question as to whether the section (Art. I, Sec. 5) is intended to protect against private conduct as well as government conduct."
See also 21 Loyola Law Review 9 (1975), wherein Louis Jenkins, one of the co-authors of the Constitutional Convention's Declaration of Rights, wrote:
"The Section (Art. I, Sec. 5) is intended to apply solely to government action, in accord with the view of the committee that a bill of rights cannot reach private action."
Not only does it appear that appellants do not have constitutional rights under Article I, Section 5, the record shows that if appellants had any constitutional right to privacy they waived this right by consenting to the drug testing and voluntarily taking part in it.
Appellants also claim that their rights were abused by the imposition of mandatory urinalysis. The record, however, indicates that the employer had a legitimate interest in instituting a drug testing program. Louisiana Gas Service Company distributes natural gasa highly volatile substancein Jefferson Parish and in other parishes, and it clearly has a serious interest in maintaining a drug-free working environment.
Casse and Koch fall under the "employment-at-will" doctrine. They are not entitled to relief as being handicapped. Their privacy was not illegally invaded. Their rights were not abused by compulsory drug testing. Their petition, consequently, neither states a right nor cause of action.
Appellants are to pay costs.
AFFIRMED.