KNOLL, J.
11With all due respect, I dissent, as I believe plaintiff, Matthew Alessi, has established a triable issue of fact as to whether defendant Safeway Insurance Company of Louisiana committed an actionable breach of his privacy.
As this Court recognized in Parish National Bank v. Lane, 397 So.2d 1282, 1286 (1981), there are four types of actionable tort claims based on breach of a privacy interest: (1) public disclosure of embarrassing private facts; (2) publicity which places the individual in a false light in the public eye; (3) appropriation of an individual’s name and likeness for another’s advantage; and (4) intrusion onto seclusion or solitude. Id. (quoting William L. Prosser, Privacy, 48 Cal. L.R. 383 (1960)). A violation of any of these privacy rights has been found to constitute a breach of a duty under La. Civ. C. art. 2315.[1] Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1389 (1979). This case involves the right to be free from public disclosure of embarrassing private facts, which has long been *1144 recognized in this state. See Denis v. LeClerc, 1 Mart, (o.s.) 297 (La.1811) (granting plaintiff relief where defendant had wrongfully published plaintiffs confidential letters).
The threshold question in a right to privacy claim is whether the plaintiff has |2a “privacy interest” in the information which he wishes to keep secret. Parish National Bank, 397 So.2d at 1286. There can be no dispute plaintiff Alessi has a protectable privacy in keeping his medical records private and confidential. Whalen v. Roe, 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977); State v. Skinner, 08-2522, pp. 6-10 (La.5/5/2009), 10 So.3d 1212, 1216-18. In State v. Skinner this Court unequivocally stated: “We hold that a right to privacy in one’s medical and prescription records is an expectation of privacy that society is prepared to recognize as reasonable.” Id. at 1219.
Safeway argues Alessi waived his privacy right in his medical records by “voluntarily submitting” those records in connection with his prior automobile accident. Plaintiff did not give Safeway those records voluntarily; he did so because a plaintiff in a personal injury suit is required by law to allow discovery into his medical records. La. C. Evid. art. 510(B)(2)(a). Although Alessi waived any privacy rights to his medical records for the purposes of that claim, there is no evidence he intended to waive his privacy rights in perpetuity and give Safeway the right to release those records to anyone who requested them through discovery. Safeway has not introduced any evidence showing Alessi knowingly and purposefully effected such a broad waiver of his right to privacy with respect to his medical records.
The next question is whether the defendant’s disclosure of those private records was “unreasonable” and “seriously interferes with the plaintiffs privacy interest.” Parish National Bank, 397 So.2d at 1286. Determining whether the defendant’s actions were “unreasonable” requires a balancing test between the defendant’s interest in pursuing its course of conduct against the plaintiffs interest in protecting his privacy. Id.
Here, the plaintiffs strong right to privacy in his medical records far 1 outweighs any interest Safeway may have in disclosing those records to a third party. Safeway argues its countervailing interest was responding to a subpoena it received from co-defendant Thomas Loehn. However, the existence of a protected privacy right “does not evaporate merely because confidential health-care records can be or have been duly subpoenaed in connection with a court proceeding.” Washburn v. Rite-Aid Corp., 695 A.2d 495, 498 (R.I.1997). Safeway could have moved to quash the subpoena as irrelevant, overbroad, and intrusive [2] or, at the least, contacted Alessi to inform him of the subpoena and give him a chance to object. Considering plaintiff was not a party to the second lawsuit, there was no valid reason for those medical records to be made available in discovery. Indeed, this Court has held the medical records of a non-party to a lawsuit are *1145 not the proper subject of discovery unless and until there has been a contradictory hearing before the trial court. Moss v. State, 05-1968, p. 21 (La.4/4/2006), 925 So.2d 1185, 1199-1200.
Given the strong privacy interests which plaintiff has in protecting the confidentiality of his medical records and the nonchalance with which Safeway disseminated those highly confidential records, a reasonable jury could find an actionable breach of plaintiffs right to privacy. The lower courts were correct in denying the motion for summary judgment, and I would deny the defendant’s writ.

. Article 2315 states: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”

. See, e.g., Penton v. City of Hammond Police Department, 07-2352 (La.App. 1 Cir. 5/2/08), 991 So.2d 91, 96 (granting motion to quash subpoena for non-party medical records: "Captain Miller is not a party to this matter, and [his] medical records are confidential and have absolutely no bearing on the issue”); Coulter v. Murrell, No. 10-102, 2011 WL 666894, at *4, 2011 U.S. Dist. LEXIS 14922, at *10 (S.D.Cal. Feb. 14, 2011) (granting motion to quash subpoena of non-party medical records as irrelevant); Ingram v. Mutual of Omaha Ins. Co., 170 F.Supp.2d 907, 911-12 (W.D.Mo.2001) (finding valid claim for invasion of privacy where insurance company chose to comply with overbroad subpoena rather than move to quash).